AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Nebraska | |
|---|---|---|
| Name (under which you were convicted): <br> Anthoney E. Swartz | | Docket or Case No.: <br> 8:25cv375 |
| Place of Confinement: Reception and Treatment Center, <br> 3219 W. Van Dorn St. Lincoln, NE 68522 | Prisoner No.: <br> 217981 | |
| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) | |
| Anthoney E. Swartz | v. Rob Jeffreys | |
| The Attorney General of the State of: Nebraska | | |

OFFICE    2025 JUN    U.S. DISTRICT
OF    -2    COURT
THE    AM 11:43    NEBRASKA
CLERK    FILED

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    District Court of Hamilton County, Nebraska
    1111  13th. St | PO Box 201 | Aurora, NE 68818


    (b) Criminal docket or case number (if you know):  CR 22-92

2.  (a) Date of the judgment of conviction (if you know):  November 15th - 2023

    (b) Date of sentencing:  February 1, 2024

3.  Length of sentence:  25-30 manditory

4.  In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes    ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    False Imprisonment - 3-3 sentence, concurrent
    with the 25-30 manditory sentence.


    First Degree sexual assault 2nd offense 25-30 manditory
    First Degree False Imprisonment 3-3 years
    (concurrent sentence)

6.  (a) What was your plea? (Check one)

    ☒ (1)  Not guilty          ☐ (3)  Nolo contendere (no contest)

    ☐ (2)  Guilty              ☐ (4)  Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____ *N/A* _____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☒ No

8. Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court: *Supreme Court of the United States, Nebraska*

(b) Docket or case number (if you know): *S-24-141*

(c) Result: *Affirmed*

(d) Date of result (if you know): *March 7, 2025*

(e) Citation to the case (if you know): _____

(f) Grounds raised: *(1.) The District court abused Its discretion when it admitted evidence of Swartz's Prior conviction For sexual assault.*

*(2.) Ineffective assistance of Trial counsel because his counsel did not object to the admission of the SANE report.*

(g) Did you seek further review by a higher state court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Name of court: *N/A*

(2) Docket or case number (if you know): *N/A*

(3) Result: *N/A*

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _N/A_

(5) Citation to the case (if you know): _N/A_

(6) Grounds raised: _N/A_

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _N/A_

(2) Result: _N/A_

_____

(3) Date of result (if you know): _N/A_

(4) Citation to the case (if you know): _N/A_

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☒ Yes    ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _District Court of Hamilton County, Nebraska_

(2) Docket or case number (if you know): _CR 22-92_

(3) Date of filing (if you know): _March 14, 2025_

(4) Nature of the proceeding: _Motion For Postconviction Relief_

(5) Grounds raised: _Appellate Counsel was Ineffective for not raising Trial Counsel was Ineffective in advising the defendant to not take the 1-50 year First offense First degree sexual assault Plea offer, and to go to trial on a mandatory 25-30 year second offense First degree sexual assault and False Imprisonment charge._

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result: _N/A_

AO 241 (Rev. 09/17)

(8) Date of result (if you know): *N/A*

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: *N/A*

(2) Docket or case number (if you know): *N/A*

(3) Date of filing (if you know): *N/A*

(4) Nature of the proceeding: *N/A*

(5) Grounds raised: *N/A*

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☑ No

(7) Result: *N/A*

(8) Date of result (if you know): *N/A*

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: *N/A*

(2) Docket or case number (if you know): *N/A*

(3) Date of filing (if you know): *N/A*

(4) Nature of the proceeding: *N/A*

(5) Grounds raised: *N/A*

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ✗ No

(7) Result: _N/A_

(8) Date of result (if you know): _N/A_

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:    ☐ Yes    ✗ No

(2) Second petition:    ☐ Yes    ✗ No

(3) Third petition:    ☐ Yes    ✗ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_N/A_

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Appellate Counsel was ineffective for not raising trial counsel was ineffective in advising defendant to not take the 1-50 year First Offense First Degree sexual assault Plea offer.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Anthoney Swartz, Defendant, was charged with 2nd offense First Degree sexual assault and False Imprisonment. The state offered a 1st offense First degree sexual assault and dismissal of the False Imprisonment in exchange for a No contest Plea. Trial counsel was deficient in advising the defendant to reject the plea deal and to go to trial on the charged offenses. Defendant went to trial and was convicted and sentenced to a day for day mandatory 25 year minimum to 30 years for the 2nd offense First degree sexual assault and 3-3 years on the False Imprisonment.

(b) If you did not exhaust your state remedies on Ground One, explain why: yes I did exhaust all my state remedies.

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ✗ No

(2) If you did not raise this issue in your direct appeal, explain why: I had a Court Appointed Attorney that Filed My brief on my behalf For my direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion For PostConviction Relief

Name and location of the court where the motion or petition was filed: District Court oF Hamilton County, Nebraska | 1111 13th. St | PO Box 201 | Aurora, NE 68818

Docket or case number (if you know): CR 22-92

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:    *N/A*

**GROUND TWO:**    *Appellate Counsel was Ineffective For not raising Trial Counsel was Ineffective For not Moving the Court to enter a continuance and/or Mistrial For a discovery violation as the State Failed to turn over DNA evidence.*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*After the Jury was enpaneled, and opening statements were made, Trial Counsel Informed the Court of Missing DNA evidence. Outside the Presence of the Jury, Trial Counsel Moved the Court to exclude the DNA results due to the discovery violation, and Brady violation, specifying that the defense, did not want a mistrial, even Though the Judge on record specifically offered a mistrial.*

(b) If you did not exhaust your state remedies on Ground Two, explain why:    *yes I did exhaust all my state remedies*

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:    *N/A*

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    *Motion For PostConviction Relief*

Name and location of the court where the motion or petition was filed:    *District Court OF Hamilton County, Nebraska / 1111 13th. St / PO Box 201 / Aurora, NE 68818*

Docket or case number (if you know):    *CR 22-92*

Date of the court's decision:    *N/A*

Result (attach a copy of the court's opinion or order, if available):    *N/A*

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    *N/A*

Docket or case number (if you know):    *N/A*

Date of the court's decision:    *N/A*

Result (attach a copy of the court's opinion or order, if available):    *N/A*

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*N/A*

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :    *N/A*

_____

**GROUND THREE:**    Appellate counsel was ~~Ineffective~~ For not raising Trial counsel
was ~~Ineffective~~ For not Fully Investigating A.S. and
Anthoney Swortz's prior sexual relationship in order to raise the defendant's
Confrontation rights were being violated due to the court ruling on cross-
examination of A.S.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On December 2020 and February 2021 A.S. and Anthoney Swortz began Forming
a Friendly relationship and from April 2021 to July 2021, A.S and Anthoney
Swortz did a lot of Flirting and Playful Touching which led to
on 2 seperate occasions had a clandestine consensual sexual encounter.
A.S was motivated to lie on July 5th 2021 To protect her relationship
with her cousin Tygare which is Anthoney Swortz's Fiance. Trial
counsel Failed to Fully Investigate A.S. and Anthoney Swortz's prior
sexual consensual relationship and IF trial counsel did so, Trial
counsel would have evidence of the prior consensual sexual relationsh
and would have a valid Confrontation clause violation.
which would have changed the outcome of the trial from
a guilty verdict to an aaquittal.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: *Yes I did exhaust all my state remedies*

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:    *N/A*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    *Motion For PostConviction Relief*

Name and location of the court where the motion or petition was filed:    *District Court of Hamilton County, Nebraska 1111 13th· St. PO Box 201/Aurora, NE 68818*

Docket or case number (if you know):    *CR 22-92*

Date of the court's decision:    *N/A*

Result (attach a copy of the court's opinion or order, if available):    *N/A*

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    *N/A*

Docket or case number (if you know):    *N/A*

Date of the court's decision:    *N/A*

Result (attach a copy of the court's opinion or order, if available):    *N/A*

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_N/A_

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:    _N/A_

**GROUND FOUR:**    _N/A_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_N/A_

(b) If you did not exhaust your state remedies on Ground Four, explain why:    _N/A_

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:    _N/A_

(d)    **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    _N/A_

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: *N/A*

Docket or case number (if you know): *N/A*

Date of the court's decision: *N/A*

Result (attach a copy of the court's opinion or order, if available): *N/A*

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *N/A*

Docket or case number (if you know): *N/A*

Date of the court's decision: *N/A*

Result (attach a copy of the court's opinion or order, if available): *N/A*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: *N/A*

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: *N/A*

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court
        having jurisdiction?    ☒ Yes    ☐ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
        presenting them:    *N/A*

    (b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which
        ground or grounds have not been presented, and state your reasons for not presenting them:

        *N/A*

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction
    that you challenge in this petition?    ☐ Yes    ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

    of any court opinion or order, if available.    *N/A*

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for
    the judgment you are challenging?    ☐ Yes    ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues
    raised.    *N/A*

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Robert Alexander
2121 N. Webb RD / #210 / Grand Island, NE 68803

(b) At arraignment and plea: Robert Alexander
2121 N. Webb RD / #210 / Grand Island, NE 68803

(c) At trial: Robert Alexander
2121 N. Webb RD / #210 / Grand Island, NE 68803

(d) At sentencing: Robert Alexander
2121 N. Webb RD / #210 / Grand Island, NE 68803

(e) On appeal: Chad Wythers
129 5th St. / Seward, NE 68434

(f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☒ Yes ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

District Court of Hall County, Nebraska / 111 W. 1st St. / STE 4 / Grand Island, NE 68801 / 30-40 years Imprisonment

(b) Give the date the other sentence was imposed: February 2, 2024

(c) Give the length of the other sentence: 30-40 years Imprisonment

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☒ Yes ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

N/A

AO 241 (Rev. 09/17)

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

       (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:     *Imediate release From*

*State Custody.*

or any other relief to which petitioner may be entitled.

*N/A*

                               Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

                               Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

*N/A*

AO 241 (Rev. 09/17)

# Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____ , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and ____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**



Inmate Name Anthoney Swartz
                (First)      (Last)
Inmate # 81793

P.O.B. 22800
Lincoln, NE 68542-2800
Notice: This correspondence was mailed from an
Institution operated by the Nebraska Department of
Corrections. Its contents are uncensored.

Legal Mail
DO NOT
Inspect

Legal mail
Do NOT
Inspect

The United States District court For the District of Nebraska
Clerk of the District court
111 S. 18th plaza
STE 1152
Omaha, NE 68102

**RECEIVED**

JUN 0 2 2025

CLERK
U.S. DISTRICT COURT

Legal Mail
Do NOT
Inspect

Legal mail
Do NOT
Inspect