IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ANTHONEY E. SWARTZ,

          Petitioner,

   vs.

ROB JEFFREYS,

          Respondent.

**8:25CV375**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Anthoney E. Swartz's motion for leave to amend, Filing No. 7, and motion for stay, Filing No. 10. For the reasons that follow, both motions will be denied.

## I. BACKGROUND

Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254 on June 2, 2025. Filing No. 1. On September 22, 2025, the Court conducted an initial review and dismissed the petition without prejudice because Petitioner had not exhausted his state court remedies and his state postconviction motion remained pending. Filing No. 5.

On October 6, 2025, Petitioner filed his motion for leave to amend to add "his previously exhausted (on direct appeal) Claims of admissibility of 414 evidence and SANE admission." Filing No. 7. Petitioner also filed a proposed amended petition. Filing No. 8.

On February 13, 2026, Petitioner filed his motion for stay with a supporting affidavit, Filing No. 9, and requests a "stay to pause the time structure on his Federal Writ of Habeas Corpus so Swartz can fully exhaust his state remedies." Filing No. 10.

Petitioner's state court records, available to this Court online,[1] show that Petitioner's state postconviction motion remains pending. On March 26, 2026, the state district court held a status hearing at which Petitioner and his appointed counsel appeared and the court set the matter for an evidentiary hearing on April 28, 2026.

## II. DISCUSSION

Nothing has changed since the Court dismissed Petitioner's habeas petition without prejudice on September 22, 2025, as his state postconviction motion remains pending, awaiting an evidentiary hearing. As the Court previously explained, "exhaustion of available state postconviction relief is a necessary prerequisite to seeking federal habeas relief under 28 U.S.C. § 2254." Filing No. 5 at 3. Petitioner must exhaust his state court postconviction remedies before he can file a habeas petition in federal court, which means the state district court must rule on Petitioner's state postconviction motion and, if the state district court denies Petitioner's motion, then Petitioner must appeal to the Nebraska appellate courts and present his claims through one complete round of Nebraska's established appellate review process. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Akins v. Kenney*, 410 F.3d 451, 454–55 (8th Cir. 2005).

Because Petitioner's state postconviction proceedings remain pending, any habeas petition filed now by Petitioner, including his proposed amended petition, would be premature. And, even if the Court assumes Petitioner's proposed amended petition is a mixed petition, a stay pursuant to *Rhines v.*

---

[1] This Court has been afforded access to the computerized record keeping system (JUSTICE) for the Nebraska state courts. The Court takes judicial notice of the state court records related to this case in *State v. Swartz*, No. CR22-92, District Court of Hamilton County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

*Weber*, 544 U.S. 269 (2005), would not be appropriate for the reasons stated in the Court's September 22, 2025, order. *See* Filing No. 5 at 4–5. Moreover, a stay of this case is not necessary "to pause the time structure on [Petitioner's] Federal Writ of Habeas Corpus," Filing No. 10, because the one-year statute of limitations clock applicable to Petitioner's federal habeas petition is already effectively "paused"; that is, while Petitioner's state postconviction proceedings are pending, the federal habeas one-year statute of limitations is being tolled, i.e., the clock is *not* running. *See* 28 U.S.C. § 2244(d)(2). The one-year clock will start running again once Petitioner's state postconviction proceedings are finally concluded, including any appeals. *See Lawrence v. Fla.*, 549 U.S. 327, 332 (2007) (statute of limitations is not tolled "after the State's highest court has issued its mandate or denied review" on state postconviction application). As the Court previously explained, *see* Filing No. 5 at 4, because Petitioner filed his state postconviction motion before his conviction had become "final" for purposes of the one-year federal habeas statute of limitations and the one-year clock has been tolled since the motion was filed and currently is not running, Petitioner will have the entire one-year limitations period to file a federal habeas petition after his state postconviction proceedings conclude.

Accordingly, for the foregoing reasons,

IT IS ORDERED that:

1.      Petitioner's motion for leave to amend, Filing No. 7, is denied as premature.

2.      Petitioner's motion for stay, Filing No. 10, is denied.

Dated this 27th day of April, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge